MEMORANDUM *
The General Unsecured Creditors Liquidating Trust (GUCLT) challenges the dis *142 trict court’s reversal of the bankruptcy court’s decision that the GUCLT had the authority to grant non-exclusive licenses to settle intellectual property litigation based on the settlement agreement, confirmation plan, and the related trust agreements (plan documents) entered into by the parties.
Under California law, the bankruptcy court erred in granting the GUCLT licensing authority, as the plan documents expressly confer such authority on the At Home Liquidating Trust as the patent holder of the intellectual property assets. See Hillis Motors, Inc. v. Hawaii Auto. Dealers Ass’n, 997 F.2d 581, 588 (9th Cir.1993) (recognizing that state law governs the interpretation of bankruptcy plans); see also Cedars-Sinai Med. Ctr. v. Shewry, 137 Cal.App.4th 964, 980, 41 Cal. Rptr.3d 48 (2006) (“California recognizes the objective theory of contracts, under which it is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation.”) (citations, alteration, and internal quotation marks omitted).
The district court’s reversal of the bankruptcy court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.